*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
:
:
ZALMAN HURWITZ,                  :  Civil Action No. 09-2054
:
:
:
            Plaintiff,           :
:  **OPINION**
    vs.                          :
:
:
:
LAURENCE A. HECKER               :
:
            Defendant.           :
_____

**WOLFSON, United States District Judge:**

This matter comes before this Court upon a putative class-action Complaint brought by Plaintiff Zalman Hurwitz ("Plaintiff") against Defendant Laurence A. Hecker ("Defendant") for coercive and deceptive debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"). Defendant moves to dismiss the Complaint for failure to state a claim. Specifically, Defendant argues that Plaintiff fails to allege in the Complaint any deceptive or coercive practices by Defendant that would violate the FDCPA. The Court finds that even assuming all allegations asserted by Plaintiff are true, the Complaint fails to allege any infraction under the FDCPA, and therefore Defendant's Motion to Dismiss is granted.

**I.     Overview**

For the purposes of this motion, this Court assumes as true the allegations pled by Plaintiff in his Complaint.

Plaintiff is a resident of Kings County, New York. Defendant is an attorney doing business in New Jersey. Neither party disputes on this motion that Defendant is a "debt collector" under the FDCPA. Defendant sent a letter, dated July 21, 2008, to Plaintiff concerning a debt allegedly owed by Plaintiff to Bank of America, N.A. (the "Collection Letter"). The Collection Letter contains, <u>inter alia</u>, a standard "Notice of Important Rights" pursuant to the FDCPA, and on the reverse side, notices of rights as required by various state laws, including a notice required by Kansas law, which states:

> In Kansas: An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living whichever are applicable, may be made or obtained. Within a reasonable period of time after your receipt of this letter, upon your written request for additional information regarding the scope and nature of our investigation, complete and accurate disclosure of the nature and scope of the investigation requested will be provided (The "Kansas Provision").

Furthermore, the Collection Letter also contains the following notice, as required by Utah law:

> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations (The "Utah Provision").

Because of the inclusion of these provisions in the Collection Letter, Plaintiff files the instant class-action suit, on behalf of himself and other similar situated consumers, alleging that Defendant has acted in violation of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g and 1692e. In that regard, Plaintiff alleges in his one-count Complaint that Defendant, in the Collection Letter, used false and deceptive means in connection with the collection of the debt by falsely threatening the consumer with negative credit reporting as well as obtaining an investigative consumer report. Defendant now moves to dismiss Plaintiff's claims.

II.     Discussion

    A. Standard of Review

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court clarified the 12(b)(6) standard. Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 550 U.S. at 561 (quoting Conley, 355 U.S. at 45-46). Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. As the Third Circuit stated, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

In affirming that Twombly standards apply to all motions to dismiss, the Supreme Court recently explained the principles. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal,

3

129 S.Ct. 1937, 1949 (2009).  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

### B.  Discussion

The purpose of the FDCPA, in part, is to "eliminate abusive debt collection practices by debt collectors."  15 U.S.C. § 1692 (2009).  The Act prohibits the use of any conduct the natural consequences of which is to harass, oppress, or abuse any person, 15 U.S.C. § 1692d, any false, deceptive, or misleading representations or means, 15 U.S.C. § 1692e, and any unfair or unconscionable means, 15 U.S.C. § 1692f, to collect or attempt to collect any debt.  The Act requires that within five days of the initial communication, or within the initial communication, to a consumer, a debt collector must give the consumer a standard "30-day notice" informing the consumer of his right to dispute the validity of the debt.  15 U.S.C. § 1692g.  However, even when such notice is given, the requirements of the Act will not be met if the notice is overshadowed or contradicted by accompanying messages or notices from the debt collector. Wilson v. Quadramed Corp., 225 F.3d 350, 355 (3d Cir. 2000).  Whether the notice is deceptive or misleading is measured from the vantage point of an objective "least sophisticated consumer," in order to protect "all consumers, the gullible as well as the shrewd." Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (quoting Brown v. Card Serv. Ctr., 464 F.3d 450, 454 (3d Cir. 2006)).  Although the "least sophisticated consumer" standard is a low standard, it "'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and

willingness to read with care.'" Rosenau, 539 F.3d at 221 (quoting Quadramed, 225 F.3d at 354-55).

In this case, Plaintiff does not allege that the 30-day notice given by Defendant pursuant to the FDCPA is inadequate. Rather, Plaintiff alleges that the Utah and Kansas Provisions constitute false threats that, when read together, overshadow the 30-day notice, and thus, would dissuade a consumer from exercising his or her rights to dispute the debt. The Court finds this allegation insufficient to support a claim under the FDCPA. With regard to the Kansas Provision, Plaintiff alleges that the notice overshadows the 30-day notice because a New York consumer would read the notice and erroneously believe that it applies to him or her. However, the notice is clearly labeled to apply "in Kansas." The Court finds that Plaintiff's allegations do not rise above a speculative level because it is implausible to allege that a consumer, sophisticated or otherwise, would read a notice addressed to residents of another state and believe that such notice applied to him or herself. In fact, such allegations are insufficient to raise a reasonable expectation that discovery will reveal any evidence to substantiate Plaintiff's claim in this regard.

On the other hand, with regard to the Utah Provision, because the notice is printed on the front of the Collection Letter without identifying it as Utah law, the Court finds that a consumer in New York may reasonably believe that the Utah notice applies to him or her. However, to make out a prima facie violation of the FDCPA, Plaintiff must allege conduct that is abusive, deceptive, or unfair. See 15 U.S.C. §§ 1691d-f. As such, Plaintiff must allege that this particular notice as stated in the Collection Letter is abusive, deceptive, or unfair. Here, Plaintiff only alleges in a conclusory manner that the mere inclusion of the Utah Provision in

the Collection Letter violates the FDCPA.  The Court disagrees.

Defendant is required by Utah law to give notice to a consumer before submitting a negative credit report against the consumer.  UTAH CODE ANN. § 70C-7-107 (2009).  The language of the Utah Provision used by Defendant contains the exact same wording set forth by the Utah statute.  See UTAH CODE ANN. § 70C-7-107(3)(c) ("The notice is sufficient if it takes substantially the following form: 'As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations'").  Moreover, the notice was appropriately included in the Collection Letter as part of a notice of default as prescribed by Utah law.  UTAH CODE ANN. § 70C-7-107(3)(b).  Nevertheless, Plaintiff argues that because neither New York law nor New Jersey law require this notice to be placed in a collection letter, the inclusion of such notice in a letter to a New York consumer by a New Jersey debt collector constitutes a threat to the consumer.  However, Plaintiff makes no allegation that this mere inclusion is against New York or New Jersey law, nor does Plaintiff allege how the inclusion of the Utah Provision is abusive, deceptive, or unfair.  The Court is not obligated to give credence to Plaintiff's bald assertion that Defendant may have acted illegally.  Accordingly, the Court finds Plaintiff's allegations conclusory, and thus are insufficient to set forth a plausible claim that Defendant has engaged in conduct that is in violation of the FDCPA.

Likewise, the inclusion of the Kansas Provision is also required by, and substantially conforms to, Kansas law.  See KAN. STAT. ANN. § 50-705 (2009) ("A person may not procure or cause to be prepared an investigative consumer report on any consumer unless . . . it is clearly and accurately disclosed to the consumer").  Even assuming that a New York consumer

could believe the Kansas Provision applies, the Court also finds the mere inclusion of the Kansas Provision does not violate the FDCPA.  However, Plaintiff makes two additional arguments with regards to the Kansas Provision: 1) FDCPA prohibits Defendant from obtaining an investigative consumer report for the purpose of debt collection, thus Defendant is precluded from making the notice because no investigative report may be initiated; and 2) the language used by Defendant is inherently threatening because it indicated that Defendant has already begun an investigation.  Both arguments are without merit.

      Plaintiff claims that the FDCPA disallows procurement of  investigative consumer reports "except in the very narrow circumstances regarding employment."  Plaintiff's Memorandum in Opposition to Motion to Dismiss, at 7 (citing 15 U.S.C. § 1681b(b)(2)).  This is a gross misinterpretation of 15 U.S.C. § 1681b.  Section 1681b(b) merely delineates the "[c]onditions for furnishing and using consumer reports for employment purposes."  15 U.S.C. § 1681b(b).  Section 1681b(a), on the other hand, lists eleven grounds under which an investigative consumer report may be procured, one of which is for a legitimate business need in connection with a business transaction that is initiated by the consumer or to review an account to determine whether the consumer continues to meet the terms of the account.  15 U.S.C. § 1681b(a).  Under that provision, Defendant clearly had a permissible purpose for obtaining an investigative consumer report in connection with Plaintiff's account with Bank of America, and pursuant to Kansas law, he was required to give notice to Plaintiff before such report could be obtained.  To that end, Plaintiff has failed to allege how the Kansas Provision, as required by law, is abusive, deceptive, or unfair.  Therefore, the Court finds that Plaintiff has failed to state a claim on this basis.

Lastly, Plaintiff argues that Defendant, by initiating an investigation prior to sending the Collection Letter, was attempting to intimidate and coerce Plaintiff.  This argument is also unavailing.  Plaintiff's sole support for the allegation that Defendant has initiated an investigation prior to sending the Collection Letter is the language of the Kansas Provision, which Plaintiff claims to say, "[a]n investigative consumer report . . . **has been requested**."  Plaintiff's Memorandum in Opposition to Motion to Dismiss, at 6 (emphasis added).  However, the Collection Letter actually states, "[a]n investigative consumer report . . . **may be made or obtained**."  Plaintiff's Collection Letter, at 2 (emphasis added).[1]  Plaintiff based his allegation on the erroneous reading of the Collection Letter that Defendant admitted he has initiated an investigation prior to sending the Collection Letter.  However, this is clearly inaccurate because Defendant has not made such representation.  Other than that basis, Plaintiff asserts no other factual allegations that Defendant has initiated an investigation.  Accordingly, Plaintiff's claim pursuant to 15 U.S.C. §§ 1692g & 1692e is dismissed.

---

[1]Plaintiff's counsel may have confused this case with another case that he filed on behalf of another client.  See Shami v. United Collection Bureau, Inc., No. 08-cv-0430, 2009 WL 3049203 (E.D.N.Y. Sept. 25, 2009).  The Shami court was also presented with the same argument that the Kansas notice contained in the defendant's collection letter overshadowed the statutory notice as required by the FDCPA.  Id. at *2.  However, the language of the notice used by the defendant in Shami is substantially different than the notice language here.  The Kansas notice in Shami stated that an investigative report has been requested, Id. at *1, whereas the Kansas Provision in the instant case merely stated that an investigative report may be made or obtained.  Plaintiff's Collection Letter, at 2.

**III.     Conclusion**

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted, and therefore Defendant's Motion to Dismiss is GRANTED, and Plaintiff's Complaint is DISMISSED.

/s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge

Date: November 30, 2009